**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RICKEY B. NEWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0865 |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, as TRUSTEE for | § | |
| SRMOF REO 2011-1 TRUST, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Ricky Newell, proceeding pro se, filed this suit to prevent the foreclosure of his home. He asserted two interrelated claims against U.S. Bank Trust National Association, as Trustee for SRMOF REO 2011-1 Trust ("U.S. Bank"). The first is a claim that the foreclosure sale scheduled for March 5, 2013 could not proceed until U.S. Bank proved it has a right to foreclose. The second is a claim for a declaratory judgment that, among other things, U.S. Bank is not the holder of the Note and has no right to collect money from him. (Docket Entry No. 1, Ex. B.2, Orig. Pet.). On April 3, 2013, U.S. Bank moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 4). Newell responded. (Docket Entry No. 8). This court heard argument on the motion on May 28, 2013. (Docket Entry No. 13).

Based on the pleadings, the motion and response, the arguments, and the relevant law, this court grants the motion to dismiss, with prejudice and without leave to amend. Final judgment is entered by separate order. The reasons for this ruling are explained below.

I.      **Background**

Excerpts from the Original Petition state the alleged facts, as follows:

6.      On November 24, 2003, Newell entered into a real estate transaction to purchase a single-family home at 13103 Richmond Ave., Houston, Texas 77082.  The transaction was "consummated" by the execution of a "one-sided" adjustable rate note for a principal amount of $115,200.00.  Newell attached as Exhibit "A" a copy of the Note.

7.      That same day, Newell executed a Deed of Trust naming Finance America, LLC, as the lender and Karen H. Cornell, Esq. as trustee.  Newell attached as Exhibit "B" a copy of the Deed of Trust.

8.      Newell's Note was sold.

9.      On December 1, 2009, Rex Kessler as Substitute Trustee for Credit-Based Asset Servicing and Securitization, LLC ("CBASS"), conducted a nonjudicial foreclosure sale and issued a Substitute Trustee's Deed for the property to Pledge Property II, LLC.

10.     Newell contested the validity of the foreclosure sale on several grounds.  One was that CBASS could not produce evidence that they owned and held the Note and Deed of Trust.   Newell filed a civil suit in Harris County, Texas; Cause Number 2010-13020, on February 26, 2010.  He purportedly attached as Exhibit "C" a copy of the Original Petition in that suit, but that document does not appear among the exhibits to his state-court petition in the present suit.

11.     Litton Loan Servicing, LLC, servicer for CBASS, filed a "Traditional and No Evidence Motion for Summary Judgment" on February 13, 2012 in Cause Number 2010-13020.  Included as an exhibit to Litton's motion was a Business Records Affidavit executed by Kevin Flannigan, Senior Litigation Processor for Litton.  The affidavit "support[ed] that CBASS was the owner of the Note at the time of the foreclosure."  Newell attached as Exhibit "D" a copy of this Business Records Affidavit.

12.     On April 20, 2012, Litton Loan Servicing, LLC's summary-judgment motion was granted.  Newell attached as Exhibit "E" a copy of the Order granting the motion.

13.     The summary-judgment ruling is currently on appeal.  According to Newell, Litton still maintains that it had a valid foreclosure sale on December 1, 2009 and that, at the time of the foreclosure, CBASS was the owner and holder of the Note with the authority to grant Litton authority to proceed with the foreclosure sale.

14.     On February 11, 2013, the law office of Robertson Anschutz mailed Newell a Notice of Foreclosure sale for Tuesday, March 5, 2013.  In this letter, they claimed that U.S. Bank, as Trustee for SRMOF REO 2011-1 Trust, was the holder of the Note.  Newell attached as Exhibit "F" a copy of the Notice of Foreclosure sale.

(Docket Entry No. 1, Ex. B.2).

     In the motion to dismiss, U.S. Bank argued that it is not required to prove that it is the holder of the Note before foreclosing on the property under the Deed of Trust.  U.S. Bank also argued that Newell lacks standing to challenge the assignment of the Note or Deed of Trust.  (Docket Entry No.

4, at 2).  Newell responded that U.S. Bank was without authority to enforce rights under the Deed

of Trust unless and until it produced the Note or proof of assignment.  (Docket Entry No. 8, at 2).

## II.    The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be

granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must

be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim

showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6)

motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368,

372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544).  The Court explained that "the pleading

standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555).  A complaint must be both factually and legally sufficient; that is, the

allegations must include sufficient facts to state what the claim is and show the basis for relief, and

the law must recognize the claim and allow the relief sought.

When a plaintiff's complaint fails to state a claim, a district court generally should provide

the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the

action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d

305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure

pleading deficiencies before dismissing a case"); *see also United States ex rel. Adrian v. Regents*

*of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and

outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (emphasis added).  A district court has broad discretion to dismiss a complaint without leave to amend "where the plaintiff has previously been granted leave to amend [to cure pleading deficiencies] and has subsequently failed to add the requisite particularity to its claims[.]"  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (affirming a district court's dismissal for failure to state a claim without leave to amend after the court "instructed [the plaintiffs] to plead their fraud claim with greater particularity, but the amended complaint was still woefully inadequate").

## III.    Analysis

Newell's allegations do not meet the requirements of either factual or legal sufficiency. Newell argues that U.S. Bank lacks authority to foreclose because it has not proven its status as a holder of the Note.  U.S. Bank is not required to hold the Note in order to enforce the Deed of Trust. *See Willard v. Deutsche Bank Nat'l Trust Co. ex rel. Certificate Series 2004-NC2*, 2012 WL 874552, at *3 (E.D. Tex. Feb. 21, 2012) (rejecting a similar theory); *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) (recognizing that the foreclosure of a lien is a separate and distinct right from a suit to collect a debt).  Courts have repeatedly recognized that Texas law allows either a mortgagee or a mortgage services to administer a deed of trust foreclosure without producing the original note.  *See Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011);

*Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011); *Dillard v. Mortg. Elec. Registration Sys., Inc.*, No. 3–10–CV–0091–N, slip op. at 4 n. 1 (N.D. Tex. Apr. 16, 2010), *appeal dism'd*, No. 11–10069 (5th Cir. Apr. 21, 2011); *Sawyer v. Mortg. Elec. Registration Sys.*, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortg. Elec. Registration Sys.*, 314 S.W.3d 161, 165–66 (Tex. App.—Eastland 2010, pet. denied); Tex. Prop. Code Ann. § 51.002(a)–(h) (setting forth requirements for nonjudicial foreclosure in Texas, which do not include producing the original note). U.S. Bank was authorized to enforce the Deed of Trust, regardless of whether it held the underlying Note. *See Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011).

In addition, Newell points to no provision of the Texas Property Code that requires a mortgagee or mortgage servicer to produce the original note or deed of trust before conducting a nonjudicial foreclosure. *See Sawyer*, 2010 WL 99678, at *3. Texas law contains no such requirement that the note be produced and courts have dismissed declaratory judgment actions based on this "show me the note" premise. *See, e.g.*, *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010); *Wells*, 2011 WL 2163987, at *2.

Newell also fails to plead facts supporting an inference that the lender or lender's successors and assigns never held the Note, or that the Note has been lost or stolen. *See* Fed. R. Civ. P. 8; *Willard*, 2012 WL 874552, at *4. Newell fails to allege facts that could show more than a speculative possibility that the assignments were faulty. There is also strong support for the proposition that Newell lacks standing to contest the assignments because he was not a party to the assignments. *See Willard*, 2012 WL 874552, at *4; *Eskridge v. Fed. Home Lone Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011).

Newell's claim is dismissed with prejudice because it fails as a matter of law and leave to amend would be futile.  Because Newell's substantive claims fail, the request for declaratory relief must also be dismissed.  The Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984).  Because this court has rejected the claim that underlies the requested declaratory relief — that U.S. Bank lacks the authority to enforce rights under the Deed of Trust — no facts alleged would lead to the conclusion that a present controversy exists.  Newell lacks a right to relief under the Declaratory Judgment Act, and the complaint is dismissed with prejudice in that respect as well.

## IV.    Conclusion

The motion to dismiss is granted.  Because amendment would be futile, this suit is dismissed with prejudice and without leave to amend.

SIGNED on June 3, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

7